# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| **BRENDA BLAIR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No.: 7:21-cv-00252 |
| | § | |
| **HOME DEPOT U.S.A., INC. and PETER ZUBIA,** | § § § | |
| | § | **JURY DEMANDED** |
| **Defendants.** | | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant HOME DEPOT U.S.A., Inc. ("Home Depot"), Defendant herein, and files this Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, 1441 and 1446 *et. seq.*, and would respectfully show the Court as follows:

### I.   BACKGROUND

1. Home Depot is the defendant in a civil action pending in the 244th Judicial District Court of Ector County, Texas, entitled *Brenda Blair v. Home Depot U.S.A., Inc. and Peter Zubia*; Cause No. C-21-12-1322-CV (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A" and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on November 30, 2021. Home Depot was served with Plaintiff's Original Petition (hereinafter referred to as the "Petition") on December 2, 2021. The Petition asserts negligence and premises liability claims against Home Depot and Peter Zubia, based on a slip and fall accident that allegedly occurred in a Home

Depot Store in Ector County, Texas on August 11, 2021 when Plaintiff Brenda Blair ("Plaintiff") allegedly slipped and fell on water on the floor of the outside garden department of the Home Depot store. Plaintiff claims that water accumulated on the floor as the result of ongoing watering of plants. In the Petition, Plaintiff specifically states that she is seeking monetary relief over $250,000 but nor more than $1,000,000.00. Thus, it is facially apparently from the Petition that Plaintiff seeks damages in excess of $75,000.00, such that the amount in controversy requirement for diversity jurisdiction is satisfied. Therefore, this Notice of Removal is timely filed within thirty (30) days of service of process of the first pleading or other paper from which it could be determined that the amount in controversy is in excess of $75,000.00, exclusive of costs. *See* 28 U.S.C. § 1446(b).

##        II.     DIVERSITY OF CITIZENSHIP

3. Plaintiff is, and was at the time of filing of this action, a citizen of the State of Texas.

4. Home Depot is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Consequently, Home Depot is a citizen of the States of Delaware and Georgia.

5. Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

##        III.    IMPROPER JOINDER

6. Defendant Peter Zubia ("Zubia") is a citizen of Texas. However, Plaintiff improperly joined Zubia as a defendant to defeat diversity jurisdiction, as there is no possibility that Plaintiff will be able to establish a cause of action against Zubia in state court. *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in

state court." *Travis v. Irby*, 326 F.3d 644,647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5h Cir. 1999). Home Depot alleges that McDonald was improperly joined under the second method only. Under the method, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

7. Texas recognizes two types of premises liability cases: negligent activity cases and premises defect cases. *Keetch v. Kroger Co.*, 845 S.W.2d 626, 264 (Tex. 1992). In a negligent activity case, the injury must occur "as a contemporaneous result of [an] activity itself, rather than by a condition created by [an] activity." *Id.* When the injury occurs as a result of a premises condition, rather than as a contemporaneous result of an activity, the appropriate jury submission is based on premises defect. *Id.* In this case, based upon the same allegations, it appears that Plaintiff attempts to plead both premises liability and negligent activity claims.

8. In a premises condition case, the duty to exercise reasonable care to reduce or eliminate the risks posed by known premises conditions creating a danger to invitees is non-delegable and belongs solely to the owner or occupier of the premises. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99, 101 (Tex. 2000) (discussing duty of owner or occupier). Texas has never imposed a similar duty on employees or management that it places on the owner or occupier.

9. On the date of Plaintiff's alleged incident, Zubia was the store manager at Home Depot Store No. 562, located at 5181 E. 42nd Street, Odessa, Texas 79762, the Home Depot

        store where Plaintiff alleges she was injured. *See* Declaration of Zubia, attached hereto as Exhibit "C." Zubia was not a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal. *Id.* Zubia did not water the plants, was not supervising or directing the employees engaged in watering the plants, and was not present in the area where Plaintiff allegedly fell at or immediately before the time of the alleged incident. *Id.*

10. As against Zubia, Plaintiff alleges that he was negligent by: (1) failing to implement reasonable precautions for the performance of the type of work being performed at the time of the incident; (2) failing to ensure that the police and procedures of Home Depot were being appropriately trained and/or followed by relevant employees; (3) failing to ensure that all employees were competently trained in the performance of their job duties; and (4) in many other respects. All of these duties that Plaintiff alleges that Zubia breached are duties that would be owed by Home Depot, and do not form any independent basis on which Zubia owed Plaintiff a separate duty. Insofar as Plaintiff asserts a premises liability claim against Zubia, the case law is clear that any duty to keep the premises in a safe condition, to inspect the premises, and to make safe any defects or give adequate warnings belongs to the owner or occupier alone. Texas has never burdened individual managers or employees with an independent duty from that of the property owner or occupier, and Plaintiff cannot possibly establish any premises liability cause of action against McDonald. The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby,* 935 S.W.2d 114,117 (Tex. 1996) (emphasis added). In the case of *Gonzalez v. Wal-Mart Stores*, Judge Rodriguez applied the holding in *Leitch* to a premises liability case. 2010 WL 1417748 (W.D.Tex. March 31, 2010). In *Gonzalez,* the plaintiff sued a retailer and its manager in state court, alleging a premises liability claim. The retailer removed the case to federal court, arguing that the manager was improperly

joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id.* at *2; *see also McKinney v. Home Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D.Tex. Oct. 13, 2006). Additionally, the Texas Supreme Court has held that in a premises liability case, individual employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005).

11. Plaintiff does not allege that Zubia was conducting any activity in her vicinity at the time of the incident, and the declaration of Zubia establishes that he was not conducting any activity in the vicinity of Plaintiff. However, even if the Court finds that Plaintiff has pled a valid negligent activity claim, there is no possibility that Plaintiff will be able to establish a negligent activity claim against Zubia. An employee of a corporation can only be held "personally liable for tortious acts for which he directs or participates in during his employment." *Leyendecker & Associates, Inc. v. Associates, Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Plaintiff does not allege that Zubia was directing or participating in any tortious acts at the time Plaintiff was allegedly injured. Zubia was not near where the alleged negligent activity occurred at or immediately before the time of the alleged incident, and did not supervise or direct anyone who was watering plants in the area where Plaintiff alleges that she slipped. *See* Exhibit "C." Therefore, there is no basis for personal liability against Zubia for negligence.

12. All of Plaintiff's allegations against Zubia are conclusory allegations that fail to suggest any basis that Zubia owed, much less breached, an independent duty of any kind to Plaintiff. In fact, all of the allegations concern duties that, if they exist, would be those of Home Depot, and not its individual employees. Therefore, Zubia cannot be individually liable to Plaintiff based upon a premises liability or negligence theory, and there is no reasonable basis for this Court to conclude that the Plaintiff might be able to recover against Zubia.

13. Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

14. Under 28 U.S.C. §1446 (a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

15. Pursuant to 28 U.S.C. §1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff, and will further file a copy of this Notice of Removal with the District Clerk of Ector County, Texas, where the State Court Action was previously pending.

16. **Jury Demand** – Home Depot hereby requests a trial by jury on all issues and claims in this cause.

WHEREFORE**,** Defendant Home Depot U.S.A., Inc. hereby removes the case styled *Brenda Blair v. Home Depot U.S.A., Inc. and Peter Zubia*; Cause No. C-21-12-1322-CV; In the 244th Judicial District Court of Ector County, Texas, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Robert A. Ewert*
**Robert A. Ewert**
Attorney in Charge
Texas Bar No.: 24036540
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax: (214) 722-7111
Robert.Ewert@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT,
HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 31st day of December, 2021.

*/s/ Robert A. Ewert*
Robert A. Ewert